Judge Owsley
delivered the opinion of the court.
This action was brought by Sweet in the court below, for the purpose of recovering damages against Clay, for an injury occasioned by his being improperly held to bail in a» action previously brought against him by Clay.
The bail was required by order of an assistant judge; but as it was made in a penal action, without the authority 0f ja;v, Clay, at whose instance it was obtained, is clearly ha’D'e f°r any injury necessarily resulting from it; and as the act of the judge (giving it the most favorable construction) can be viewed in no better light than the exercise of an excess of jurisdiction, trespass, and not case, is the proper remedy for an imprisonment Occasioned by it. 1 Chitty, plead. 183, and the authorities there cited.
As, therefore, we are of opinion the several writs, and the several counts of the declaration, are properly and substantially in trespass, the action of the defendant in error was properly conceived, and the demurrer of the plaintiff in error correctly overruled by the court below.
But we are also of opinion the court erred in permitting *0 g0 ⅛ j]le jury tbe evidence, introduced by the defendant *n error> 'n relation to his surrender by the special bail; for as bis action cannot be maintained but upon the ground of the action brought against him not demanding bail, it is c¡tar that t!)C bail was correctly discharged by the court below; and as the bail’s power over the principal must have *195 ceased by the order discharging him, it follows, that for any subsequent surrender, the bail alone, and not Clay, must be responsible.
Bibb for plaintiff, Wickliffe for defeadaat in error.
As, therefore, it appears from the record introduced by the defendant in error, that the bail was discharged before he surrendered the principal, in the absence of all evidence conducing to shew that Clay was instrumental in causing the surrender, the court ought to have rejected the evidence introduced by the defendant in error, in relation to the Surrender.
Because, therefore, the court improperly admitted the evidence, the judgment must be reversed with cost, the cause remanded, and further proceedings had not inconsistent with this opinion.